IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS HAYES,<br>    Plaintiff,<br>     v.<br><br>STATE OF NEW JERSEY,<br>CHRISTINE SHALLCROSS, JAMES<br>NESTOR, THOMAS KING, CHAD<br>CUNEO, ANDREW TARTAGLIA, and<br>ROBERT ABEL,<br>    Defendants. | CIVIL NO. 09-6092(NLH)(AMD)<br><br>**OPINION** |

**APPEARANCES:**

LILIA LONDAR
WILLIAM H. BUCKMAN
WILLIAM H. BUCKMAN LAW FIRM
110 MARTER AVENUE
SUITE 209
MOORESTOWN, NJ 08057

    On behalf of plaintiff

CHRISTINA M. GLOGOFF
OFFICE OF THE NJ ATTORNEY GENERAL
25 MARKET STREET
PO BOX 116
TRENTON, NJ 08625-0116

    On behalf of defendant State of New Jersey, Division of State
    Police

GEORGE T. DAGGETT
DAGGETT, KRAEMER , ELIADES, KOVACH & URSIN, ESQS.
328 D SPARTA AVENUE
SPARTA, NJ 07871

    On behalf of defendant Christine Shallcross

CHRISTOPHER M. FARELLA
POST, POLAK, GOODSELL, MACNEILL & STRAUCHLER, PA
425 EAGLE ROCK AVENUE
SUITE 200
ROSELAND, NJ 07068

    On behalf of defendants James Nestor and Chad Cuneo

```
YARON HELMER
HELMER, PAUL, CONLEY & KASSELMAN, ESQS.
111 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035
```

     On behalf of defendant Thomas King

```
WILLIAM P. FLAHIVE
24 ARNETT AVENUE
SUITE 103
LAMBERTVILLE, NJ 08530
```

     On behalf of defendants Andrew Tartaglia and Robert Abel

**HILLMAN**, District Judge

     Plaintiff, Alexis Hayes, claims that defendants, the State of New Jersey, Division of State Police and six New Jersey State Police officers, have violated her civil rights by creating and fostering a hostile work environment as a result of the sexual harassment she was subjected to at the police academy and during certain state police work details.  Several of the defendants--the State of New Jersey, Christine Shallcross, Andrew Tartaglia, and Robert Abel--have moved to dismiss plaintiff's complaint, arguing that the statute of limitations bars some of plaintiff's claims, and that the State of New Jersey is immune from suit.  Plaintiff has opposed defendants' motions, and has filed a cross-motion to amend her complaint.  For the reasons expressed below, the State's and Shellcross's motions will be granted, Tartaglia and Abel's motion will be denied, and plaintiff's motion will be granted in part and denied in part.

**DISCUSSION**

 **A.**  **Jurisdiction**

  Plaintiff has brought her claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

 **B.**  **Motion to Dismiss Standard**

  A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.  Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at 428.  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf

3

Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat

4

Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **B.**    **Standard for Motion for Leave to Amend Complaint**

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

    **C.**    **Analysis**

    **1.**    *Defendants' motions to dismiss*

Defendants the State of New Jersey, Division of State Police, Christine Shallcross, Andrew Tartaglia, and Robert Abel have all moved to dismiss all or some of plaintiff's claims against them.

5

Each motion will be addressed in turn.

### a. State of New Jersey, Division of State Police

Plaintiff has lodged claims against defendant the State of New Jersey, Division of State Police, for federal constitutional violations under 42 U.S.C. §§ 1983 and 1985, and for violations of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. The State has moved to dismiss all of plaintiff's claims against it for several reasons, but primarily because it is immune from suit under the Eleventh Amendment. The Court agrees with the State that plaintiff's claims are barred because of its immunity to suit such as plaintiff's. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity"); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against

6

states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); see also Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that suing a government employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state, state agencies, or state employees sued in their official capacity).

In opposition to the State's motion, plaintiff argues that she is seeking prospective injunctive relief against state employees acting in their official capacities, and such relief is not barred by the Eleventh Amendment. Although generally that proposition is true, it is inapplicable here.

The judicial doctrine of Ex Parte Young allows suits against states in federal court seeking prospective injunctive relief to proceed only against state officials acting in the official capacities. See Ex Parte Young, 209 U.S. 123 (1908). The exception created by Ex Parte Young has been interpreted to allow suits against state officials for prospective and declaratory relief in order to end continuing violations of federal law. Balgowan v. State of New Jersey, 115 F.3d 214, 217 (3d Cir. 1997);

7

see also Doe v. Division of Youth and Family Services, 148 F. Supp. 2d 462, 483 (D.N.J. 2001). This doctrine is not applicable, however, if "the relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter," and, as when the state or state agency itself is named as the defendant, "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984) (citations omitted). Further, "a federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Id. at 104. Thus, the Ex Parte Young doctrine does not apply when a suit is ultimately asking a federal court to direct a state official on how to operate under state law.

 Based on the claims in plaintiff's complaint, it is clear that the Ex Parte Young doctrine is not implicated. Plaintiff has not identified, in her current or proposed amended complaint, those state actors, acting in their official capacities, who have the capability to end continuing violations of federal law.

Consequently, the Ex Parte Young doctrine does not save plaintiff's claims against the State, and because the State is immune from suit on plaintiff's other claims, all claims against the State must be dismissed.

### b.   Christine Shallcross

Plaintiff claims that defendant Christine Shallcross, who served as one of plaintiff's instructors at the police academy, sexually harassed and physically assaulted her during her police academy training.  Shallcross has moved to dismiss plaintiff's claims against her, arguing that those claims are barred by the applicable statute of limitations.  To support her motion, Shallcross points out that all of the allegations against her arise from plaintiff's time at the police academy, which plaintiff attended graduated from in November 2005.  Plaintiff did not file her complaint until December 2009, which is beyond the two-year statute of limitations that applies to § 1983 and NJLAD claims.[1]

In opposition to Shallcross's motion, plaintiff does not dispute the applicable two-year statute of limitations to her claims, but she contends that the alleged conspiracy she has pleaded in her proposed amended complaint encompasses claims

---

[1] For claims brought under 42 U.S.C. §§ 1983, 1985, and the NJLAD, the statute of limitations is two years.  Wallace v. Kato, 549 U.S. 384, 387 (2007); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); Montells v. Haynes, 627 A.2d 654, 659 (N.J. 1993); N.J.S.A. 2A:14-2.

9

against Shallcross that are not time-barred. Specifically, plaintiff argues that Shallcross violated her civil rights while she was at the police academy, and Shallcross was then part of a conspiracy with other defendants to cover-up her actions and otherwise fail to respond to the severity of what plaintiff had been subjected to. Plaintiff argues that this conspiracy was perpetrated through at least December 2007, which is two years prior to filing her complaint. Thus, because Shallcross was part of a conspiracy that was still active during the statute of limitations period, plaintiff argues that her claims against Shallcross should not be dismissed.

Plaintiff's argument is unavailing. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to injure another, and an overt act that results in damage." Morgan v. Union County Bd. of Chosen Freeholders, 633 A.2d 985 (N.J. Super. Ct. App. Div. 1993) (quotations and citations omitted); see also Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974) (citation omitted) (similarly defining "conspiracy"). Allegations of conspiracy may form the basis of a § 1983 claim, but "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "conclusory allegations of conspiracy are insufficient to state a valid § 1983

10

claim." Harmon v. Delaware Secretary of State, 154 Fed. Appx. 283, 285 n.3 (3d Cir. 2005) (citing Tonkovich v. Kansas Bd. Of Regents, 159 F.3d 504, 533 (10th Cir. 1998)) (other citations omitted). Thus, to state a § 1983 claim for conspiracy, "a plaintiff must allege the specific conduct violating his or her rights, the time and place of that conduct, and the identity of the responsible officials." Id. citing (Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990)).

In this case, plaintiff has failed to allege any facts of Shallcross's participation in a conspiracy. Even accepting as true that Shallcross harassed and assaulted plaintiff in 2005, and that the state police officials she complained to failed to properly address her concerns, plaintiff must articulate some facts to show a connection between Shallcross's actions and her superiors' failures. Simply because plaintiff's complaints about Shallcross's conduct were inadequately addressed does not translate into a viable claim that Shallcross was part of the supervisors' conspiracy to cover up her actions for at least two years thereafter. Because plaintiff's claims against Shallcross occurred in 2005, and she has not articulated how Shallcross acted in violation of her civil rights in December 2007, other than making the conclusory statement that Shallcross was part of a conspiracy during that time frame, plaintiff's claims against Shallcross fail

11

and must be dismissed.[2]

### c.    Andrew Tartaglia and Robert Abel

Defendants Andrew Tartaglia and Robert Abel have moved to dismiss paragraphs 7-21 of plaintiff's complaint for the same reasons articulated by Shellcross--that those allegations occurred beyond the two-year statute of limitations period.  It is unclear, however, why these defendants are moving to dismiss these allegations, as they describe Shellcross's alleged actions to plaintiff, and do not mention Tartaglia or Abel.  Further, a review of the complaint shows that plaintiff's allegations against Tartaglia and Abel concern an October 28, 2009 incident where they allegedly forcibly restrained plaintiff in order to draw her blood after a car accident.  A review of plaintiff's proposed amended complaint does not show any other allegations against these two defendants.  Accordingly, because plaintiff's claims against Tartaglia and Abel allegedly arose in October 2009, and plaintiff filed her complaint in December 2009, those claims against these two defendants cannot be dismissed as being time barred.

### 2.    *Plaintiff's motion to amend her complaint*

Plaintiff has filed a motion to amend her complaint to add and

---

[2]Should plaintiff find evidence through discovery regarding Shallcross's participation in an alleged conspiracy, and those actions occurred within the applicable statute of limitations period, then plaintiff may move before the Court to amend her complaint to restate her conspiracy claim against Shallcross.

modify certain claims.  To the extent that plaintiff's proposed amendments relate to the claims dismissed above, they do not cure the legal and factual deficiencies previously discussed.  The motion to amend, in that regard, will therefore be denied.  With regard to all her other proposed amendments, because there is no showing of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment, Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)), those amendments are permitted.

## CONCLUSION

For the reasons expressed above, the motions of the State of New Jersey, Department of State Police and Christine Shallcross to dismiss plaintiff's claims against them are granted.  The motion of Andrew Tartaglia and Robert Abel is denied.  Plaintiff's motion to amend her complaint is denied as to the State and Shallcross defendants, and granted as to all other proposed amendments.  Plaintiff is directed to file an amended complaint in accord with the Court's decision.  An appropriate Order will be entered.

Date: October 21, 2010                         s/ Noel L. Hillman
                                              NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey