[Doc. Nos. 114, 115 and 116]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALEXIS HAYES, | Civil No. 09-6092 (NLH/AMD) |
| Plaintiff, | |
| v. | |
| JAMES NESTOR, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court by way of motions [Doc. Nos. 114, 115 and 116] of Defendants Andrew Tartaglia, Robert Abel, James Nestor, Chad Cuneo, and Thomas King to dismiss Plaintiff's complaint. These motions will be determined on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) because of the dispositive nature of the requests. For the reasons set forth herein, the Court respectfully recommends granting the motions and dismissing Plaintiff's complaint.

Plaintiff filed this civil rights action on December 1, 2009. As set forth in the District Court's Opinion of October 21, 2010, Plaintiff alleges that the Defendants "violated her civil rights by creating and fostering a hostile work environment as a result of the sexual harassment she was subjected to at the police

academy and during certain state work details." (Opinion [Doc. No. 53], 1.) By Order dated October 21, 2010, the District Judge granted the motions of the State of New Jersey, Department of State Police and Christine Shallcross to dismiss Plaintiff's claims against them, and permitted the filing of an amended complaint.[1] (Order [Doc. No. 54] Oct. 21, 2010.) On June 14, 2011, this matter was administratively terminated by the Court due to pending criminal matters involving the Plaintiff. (Order on Informal Application to Administratively Terminate Case [Doc. No. 75] June 14, 2011.) On November 15, 2011, the Court reopened this matter, directed that any motion to stay the case be filed by November 30, 2011, and further directed that pretrial discovery be concluded by February 29, 2012. (Order to Reopen [Doc. No. 80] Nov. 15, 2011.)

A motion to stay was filed by Plaintiff's counsel on November 30, 2011 [Doc. No. 81], and the Court issued an Order on January 20, 2012 dismissing the motion without prejudice, and directing "that discovery with respect to Plaintiff's emotional damage claim [be] stayed insofar as Defendants shall refrain from inquiring at Plaintiff's deposition concerning Plaintiff's two pending criminal matters" and "following the resolution of dispositive motions on liability, Defendants shall be permitted to redepose Plaintiff on the issue of damages as set forth on the record." (Order [Doc. No. 85] Jan. 20, 2012.) A Scheduling Order

---

1. Although the District Judge permitted the Plaintiff to file an amended complaint, no amended complaint was filed on behalf of the Plaintiff.

2

was also issued on January 20, 2012 pursuant to which pretrial factual discovery was extended to May 29, 2012. (Scheduling Order [Doc. No. 86] Jan. 20, 2012.) Following a telephone conference with counsel of record on May 3, 2012, the Court issued an Amended Scheduling Order extending pretrial factual discovery to June 29, 2012. (Amended Scheduling Order [Doc. No. 89] May 3, 2012.)

Defendants assert that they noticed Plaintiff's deposition for June 22, 2012, but that the deposition was unable to go forward as counsel for Plaintiff "could not confirm that the deposition would take place because they had not been able to communicate with [Plaintiff]." (Defs.' Br. in Supp. of Mot. to Dismiss [Doc. No. 114-1] (hereinafter "Defs.' Br."), 1.) Counsel for Plaintiff moved to withdraw as counsel on July 24, 2012 (Mot. to Withdraw as Counsel of Record for Pl. [Doc. No. 94].) By Order dated July 26, 2012, the Court scheduled a hearing on the motion to withdraw for August 20, 2012, directed that all counsel of record and Plaintiff Alexis Hayes appear at the hearing, and noted that failure to attend may result in sanctions and may be deemed a contempt of court. (Scheduling Order [Doc. No. 95].) Plaintiff Alexis Hayes failed to appear on August 20, 2012. The Court issued an Order to Show Cause on August 22, 2012 requiring the Plaintiff Alexis Hayes to appear on September 24, 2012 "to show cause as to why an Order of contempt and/or an Order for sanctions should not be entered for her failure to appear on August 20, 2012 . . . ." and "to show cause why an Order to dismiss this matter for failure to comply with discovery requests should not be entered." (Order to

3

Show Cause [Doc. No. 101], 2.) The Order to Show Cause also set forth that failure to appear "may result in the imposition of sanctions, including dismissal of Plaintiff's complaint, and may be deemed a contempt of Court." (Id.) Plaintiff Alexis Hayes again failed to appear on September 24, 2012.

By Order dated September 25, 2012, the Court granted the motion of William H. Buckman, Esquire, to withdraw as counsel for Plaintiff Alexis Hayes, and required Plaintiff to enter her appearance *pro se* or have new counsel enter an appearance on her behalf by October 25, 2012. (Order [Doc. No. 107], 2.) The Court also required that Plaintiff's counsel serve a copy of the Court's Order on Plaintiff "by first class mail and certified mail . . . and file proof of service on the docket." (Id.) On November 5, 2012, Mr. Buckman filed a certification indicating that the Court's Orders of August 22, 2012 and September 25, 2012 were sent to Plaintiff by "First Class U.S. Mail and Certified Mail, Receipt Requested." (Certification of William H. Buckman, Esq. [Doc. No. 110] ¶¶ 3-4.) Mr. Buckman further certified that the orders which were mailed by certified mail were returned to his office as "unclaimed." Id. Mr. Buckman additionally filed a letter dated November 14, 2012 indicating that the Court's Orders of August 22, 2012 and September 25, 2012 which were sent to Plaintiff by regular first class mail were not returned to the William H. Buckman Law Firm. (Letter of William H. Buckman, Esq. [Doc. No. 112] Nov. 14, 2012.) On November 16, 2012, the Court granted the William H. Buckman Law Firm's request to withdraw as counsel for Plaintiff.

4

(Order [Doc. No. 113].) To date, Plaintiff has not entered her appearance *pro se*, nor has new counsel entered an appearance on her behalf.

In the motions to dismiss presently pending before the Court, Defendants assert that Plaintiff has not provided various documents in response to a supplemental request for the production of documents dated June 19, 2012, and further assert that they have been unable to conduct the continuation of Plaintiff's deposition. (Defs.' Br. at 4.) Defendants address the <u>Poulis</u> factors and assert that the <u>Poulis</u> factors weigh in favor of dismissal.

FED. R. CIV. P. 16(f)(1) provides that a court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). FED. R. CIV. P. 37(b)(2)(A) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (v) dismissing the action or proceeding in whole or in part.

FED. R. CIV. P. 37(b)(2)(A). Additionally, FED. R. CIV. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) further provides

that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

While Defendants move for dismissal under both Rule 37 and Rule 41(b), the Court finds Rule 37 to be more applicable to the facts of this case. "Rule 37 covers sanctions for failure to make discovery and is the appropriate rule to use when dismissal is based on noncompliance with a discovery order." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 n.1 (3d Cir. 1982); cf Dunbar v. Triangle Lumber and Supply Co., 816 F.2d 126 (3d Cir. 1987)(addressing dismissal under Rule 41(b) when plaintiff's counsel repeatedly failed to appear at court-ordered conferences and hearings, but remanding to the district court to give the plaintiff an opportunity to have a hearing on the matter). Here, the alleged failure to prosecute arises out of Plaintiff's alleged failure to comply with discovery orders and a failure to appear.

"In deciding whether sanctions that 'deprive a party of the right to proceed with or defend against a claim' are appropriate, the Court considers the [] factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co.." Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944 at *2 (D.N.J. Mar. 31, 2010). The factors set forth in Poulis are:

> (i) the extent of the party's personal responsibility;

6

>   (ii) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
>   (iii) a history of dilatoriness;
>
>   (iv) whether the conduct of the party or the attorney was willful or in bad faith;
>
>   (v) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
>   (vi) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-71 (3d Cir. 1984). "Because an order of dismissal is a harsh remedy that deprives a party of its day in court, [the Third Circuit has] stated that 'a court should resort to dismissal only in extreme cases, as the policy of the law is to favor the hearing of a litigant's claim on the merits.'" Bush v. Dept. of Human Services, No. 11-4444, 2012 WL 2107982, at *2 (3d Cir. June 1, 2012) (quoting Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994)).

Here, the Court finds that under the Poulis factors, dismissal of Plaintiff's complaint is warranted at this time as Plaintiff has failed to comply with numerous court orders and has failed to prosecute her case. Under the first Poulis factor, the Court considers the extent of the party's personal responsibility. Poulis, 747 F.2d at 868. While Plaintiff was provided ample time to retain counsel or enter her appearance *pro se*, Plaintiff has failed to do so. Therefore, no one but Plaintiff is responsible for her failure to provide discovery responses and her failure to comply with court orders. See Hunt-Ruble v. Lord, Worrell &

Richter, Inc., No. 10-4520, 2012 WL 2340418, at *4 (D.N.J. June 19, 2012)(adopting this Court's report and recommendation which found the *pro se* defendant personally responsible for the inaction which led to the striking of defendant's answer.) Consequently, the first Poulis factor weighs in favor of dismissal.

Under the second Poulis factor, the Court considers the "prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." Poulis, 747 F.2d at 868. In the Poulis analysis, "[e]vidence of prejudice to an adversary '[ ] bear[s] substantial weight in support of a dismissal or default judgment.'" Adams v. Trustees of N.J. Brewery Employee's Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (quoting Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984)). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." Id. As this Court previously noted in Chiarulli, "[a] party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded." 2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

Here, Defendants assert that Plaintiff failed to comply with court orders (Defs.' Br. 2-3) and failed to respond to discovery requests (Defs.' Br. 3-4). The Court finds that Plaintiff's failure to participate in the discovery process, failure to comply with court orders, and failure to proceed with this case forward has prejudiced Defendants by making it

8

unnecessarily difficult for Defendants to litigate the case. See, e.g., Hunt-Ruble, 2012 WL 2340418, at *4 (finding that "[p]laintiffs [were] prejudiced by [d]efendant's failure to appear because [p]laintiffs [were] unable to move beyond the discovery phase of litigation") (citing Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (finding prejudice to plaintiffs because defendants' discovery responses were "never adequately made[.]")). Therefore, the Court finds that the second Poulis factor weighs in favor of dismissal.

Under the third Poulis factor, the Court considers whether the non-moving party has a history of dilatoriness. Poulis, 747 F.2d at 868. "'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" Chiarulli, 2010 WL 1371944, at *3 (citing Adams, 29 F.3d at 874). Here, Defendants assert that Plaintiff's "history of dilatoriness stretches back nearly 20 months . . . and that Plaintiff's "refusals to provide discovery, despite repeated requests and reminders, is not a new occurrence." (Defs.' Br. at 7.) Plaintiff has provided no supplemental discovery, has failed to appear for a continuation of her deposition, and has failed to comply with court orders. Therefore, the Court finds there to be a history of dilatoriness.

Under the fourth Poulis factor, the Court considers "whether the conduct of the party or the attorney was willful or in bad faith." Poulis, 747 F.2d at 868-69. In the dismissal context

9

under the Poulis analysis, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. "'[N]egligent behavior' or 'failure to move with dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." Chiarulli, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875). However, as this Court has previously noted "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble, 2012 WL 2340418, at *5 (quoting Martino v. Solaris Health Systems Corp., No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). Here, Plaintiff has consistently failed to comply with court orders. The Court's July 26, 2012 Order required Plaintiff to appear for a hearing on counsel's motion to withdraw; the Court's August 22, 2012 Order again required Plaintiff's appearance in Court for an Order to Show Cause; and the Court's September 25, 2012 Order required Plaintiff to obtain an attorney or enter her appearance *pro se*. Plaintiff has failed to comply with the court orders, which were served on Plaintiff by regular mail. (See Letter of William H. Buckman, Esq. [Doc. No. 112] Nov. 14, 2012.) Furthermore, Plaintiff has provided no justification for her continued failure to comply. Therefore, the Court finds Plaintiff's non-compliance with the Court's Orders to be willful and intentional. Consequently, the fourth Poulis factor weighs in favor of dismissal.

Under the fifth Poulis factor, the Court considers "the

10

effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions." Poulis, 747 F.2d at 868-69. "The Third Circuit has identified a number of alternative sanctions available to a court, including 'a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses.'" Smith, 2004 WL 2399773, at *7 (quoting Titus v. Mercedes-Benz of North America, 695 F.2d 746, 759 n. 6 (3d Cir. 1982)). Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss, the Court concludes that Plaintiff has no intention of continuing to litigate this case. Therefore, the Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case. See Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008)(finding that sanctions other than dismissal would be insufficient when defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). Therefore, the Court finds that the fifth Poulis factor weighs in favor of dismissal.

Finally, under the sixth Poulis factor, the Court considers the meritoriousness of Plaintiff's claim. Poulis, 747 F.2d at 869-70. However, at this stage of the proceedings, the Court does not have a sufficient basis upon which to evaluate the meritoriousness of Plaintiff's claims and need not do so in order

11

to resolve the pending motions. The Court need not conduct a "mini-trial before it can impose default." Hoxworth, 980 F.2d at 922. Therefore, the Court finds that at this time the sixth Poulis factor is neutral in the Court's consideration of dismissal.

The Court notes that "[e]ach Poulis factor need not be satisfied for the District Court to dismiss a complaint." Bromily v. State National Ins. Co., Inc., No. 3:CV-07-2039, 2008 WL 5146524, at *7 (M.D. Pa. Dec. 8, 2008) (quoting Fattah v. Beard, 214 F. App'x 230, 233 (3d Cir. 2007)). The Court finds that on balance the Poulis factors weigh in favor of dismissal.[2]

Consequently, for the reasons set forth above, the Court respectfully recommends that Defendants' motions to dismiss be granted and Plaintiff's complaint be dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b)(2).

                               s/ Ann Marie Donio
                               ANN MARIE DONIO
                               UNITED STATES MAGISTRATE JUDGE

Dated: June 24, 2013

---

2. Having found dismissal appropriate under Rule 37, the Court need not address Rule 41(b).

[Doc. Nos. 114, 115 and 116]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ALEXIS HAYES,                                Civil No. 09-6092 (NLH/AMD)

    Plaintiff,

v.

JAMES NESTOR, et al.,

    Defendants.

### [PROPOSED] ORDER

THIS MATTER having come before the Court by way of motions [Doc. Nos. 114, 115 and 116] of Defendants Andrew Tartaglia, Robert Abel, James Nestor, Chad Cuneo, and Thomas King to dismiss Plaintiff's complaint; and the Court having considered the Report and Recommendation submitted by the Hon. Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the Court having made a *de novo* review; and for good cause shown:

IT IS on this __11th__ day of __September__ 2013, hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Defendants Andrew Tartaglia and Robert Abel's motion to dismiss Plaintiff's complaint [Doc. No. 114] shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Defendants James Nestor and Chad Cuneo's motion to dismiss Plaintiff's complaint [Doc. No. 115] shall be, and is hereby **GRANTED**; and it is further

**ORDERED** that Defendant Thomas King's motion to dismiss Plaintiff's complaint [Doc. No. 116] shall be, and is hereby, **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint shall be, and is hereby, **DISMISSED WITH PREJUDICE**.

_____
NOEL L. HILLMAN
United States District Judge

AT CAMDEN, NEW JERSEY